UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

FIREMAN'S FUND INSURANCE COMPANY as subrogee of Quality King Distributors, Inc.,

                Plaintiff,

-against-

NEVER STOP TRUCKING, INC.,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-3445 (FB) (RER)

*Appearance:*
*For the Plaintiff:*
ROBERT W. PHELAN, ESQ.
Cozen O'Connor
45 Broadway, Suite 1600
16th Floor
New York , NY 10006

**BLOCK, Senior District Judge:**

        Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") moves for entry of a default judgment against defendant Never Stop Trucking, Inc. ("Never Stop Trucking"). Because, after being duly served on September 25, 2008, Never Stop Trucking has failed to respond to the complaint or otherwise defend against the action, *see* Clerk's Notation of Default dated December 17, 2008, Fireman's Fund's motion for default judgment is granted.

        Fireman's Fund commenced this action on August 22, 2008. An Amended Complaint was filed on September 30, 2008. The Amended Complaint alleges that Fireman's Fund's insured, Quality King Distributors, Inc., engaged Sunteck Transport Group to ship merchandise from Florida to New York. Sunteck Transport Group, in turn, contracted with Never

Stop Trucking to transport the merchandise. Never Stop Trucking "accepted and agreed to deliver" the merchandise. Am. Compl. ¶ 11. Never Stop Trucking failed to deliver the merchandise and later reported it stolen. Quality King Distributors, Inc. filed a claim with Fireman's Fund for the lost merchandise and was paid $366,112.00. As a result of this payment, Fireman's Fund is subrogated to the rights of its insured against Never Stop Trucking.

Before addressing the merits of the plaintiff's claims, the court must satisfy itself that it has subject matter jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citing cases) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). Since this is an action against a delivering carrier regarding an interstate delivery for an amount larger than $10,000, the Court has jurisdiction pursuant to 49 U.S.C. § 14706(d)(3) ("A civil action under this section may be brought in a United States district court or in a State court.") and 28 U.S.C. § 1337(a) ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section . . . 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.").

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be

2

established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Amended Complaint asserts, *inter alia*, causes of action for breach of contract and breach of duties under the Carmack Amendment, which provides that carriers are liable to "the person entitled to recover under the receipt or bill of lading" for "the full actual loss, damage, or injury" they cause. 49 U.S.C. § 14706(a)(1). Fireman's Fund has alleged that, after Never Stop Trucking agreed to deliver the merchandise, it "negligently, carelessly, recklessly and/or intentionally abandoned the [merchandise] at an improper, unsecured, unguarded and unprotected location," Am. Compl. ¶ 13, and "failed to deliver the goods . . . ," Am. Compl. ¶ 14. These allegations—deemed admitted—are sufficient to establish a breach of contract and liability under the Carmack Amendment.

Fireman's Fund's motion for default judgment is granted. The matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded

**SO ORDERED**.

                                                                             _____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 30, 2009